■ ARTHUR I. MOGER, Doing Business as WONDER-ART ENTERPRISES, Respondent, v. GERRY M. KALMANSON, Doing Business as GERRY M. KALMAN-SON ASSOCIATES, Appellant.— Judgment unanimously reversed on the facts and the law and a new trial ordered, with $50 costs to appellant to abide the event. This action is by a manufacturer against his sales agent for breach of contract and for fraud. An initial question is whether the plaintiff, an indi-vidual, has the cause of action or whether the same accrued in favor of a cor-poration. When the parties first met and up until the time the first written contract was entered into, the corporation had not been formed. But the phrase-ology employed appears to contemplate a corporation as the contracting party. This first contract was cancelled and another was entered into. At this time the corporation was in existence and doing business and the form clearly indi-cates that it was the contracting party. The mere fact that in their personal contacts the same persons were involved and spoke to each other in the same way as they had before the corporation was formed is not conclusive, nor entitled to great weight. The issue thus presented should be passed upon in the light of these facts. The breaches complained about are a number of sales made by defendant on consignment. That method of doing business was unauthorized and plaintiff rightfully complained about it. Later, when defend-ant pointed out that many sales could not be made on any other basis, per-mission was granted to make such sales where defendant deemed it necessary. At this time plaintiff pointed out that defendant had collected full commissions on these sales and that, as in a number of instances goods were returned, commissions should be limited to the goods retained by the buyer. This amount was calculated and found to be some $700. Whether or not this transaction should have been considered as a waiver of all other claims to date, it was at least persuasive on the question of whether any additional damage resulted. Plaintiff's damages were calculated on an untenable basis. Plaintiff proved some 16 sales where customers returned a part of the order. In every instance

the court allowed the difference between the sales price for the total shipment and the amount paid. In a few instances only was it established that the sale as made by defendant was on consignment. In some instances it does not appear that the sale was made at a time when such sales were unauthorized. And in no instance does it appear that plaintiff was damaged in the amount for which he was given judgment. Only on the basis that the goods returned were worthless could the measure of the damages adopted by the trial court be sustained. The third cause of action is for fraud in inducing the second contract. Both as to the fraud itself and the resulting damage, the proof is unsatisfactory to establish the claim. The alleged fraud is that defendant had firm offers for the sale of $950,000 of the plaintiff's goods. A memorandum of the conversation shows a number of potential customers with amounts opposite certain names. The amounts total less than a third of the claimed representation. In addition, opposite several names there is a question mark, which is more indicative that these were firms to which defendant hoped to sell rather than actual commitments. The damage claimed is that plaintiff bought some $19,000 of merchandise to make up these orders. There is no proof whatever of what became of this merchandise. Without such proof, damage is not established. Additional errors are alleged, but the above is sufficient to show that a new trial is required. Concur — Rabin, J. P., Stevens, Steuer and Staley, JJ.